IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MUSTAFA FAROOQI and RUHI FAROOQI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11 C 3430 |
| THE LEADERS BANK, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant The Leaders Bank's (Leaders) motion to dismiss. For the reasons stated below, the motion to dismiss the federal claim is granted and the state law claim is dismissed without prejudice.

## BACKGROUND

Plaintiff Mustafa Farooqi (Mustafa) and Plaintiff Ruhi Farooqi allegedly applied for a loan (Loan) with Leaders on November 5, 2009, for $3,832,927.06. As security for the Loan, Plaintiffs allegedly provided Leaders with $81,000 from Mustafa's 401K Savings Plan, and signed personal guarantees, listing their residence

1

(Residence) as collateral.  Leaders is allegedly currently pursuing a judgment of foreclosure on the Residence in state court.  Plaintiffs contend that Leaders failed to make required disclosures for the Loan under the Truth in Lending Act (TILA), 15 U.S.C. § 1640, *et seq.*  Plaintiffs include in their amended complaint a TILA claim seeking a rescission of the Loan (Count I), and a replevin claim seeking the return of the $81,000 (Count II).  Leaders moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief."

*Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Leaders argues that the Loan is not subject to TILA because it was not obtained for primarily personal, family, or household purposes. Although Plaintiffs have referenced the Loan in the amended complaint and indicated that the agreement for the loan (Loan Agreement) is attached to the amended complaint, Plaintiffs failed to attach the Loan Agreement. However, the parties subsequently filed a stipulation, which included as an exhibit the Loan Agreement. Since the Loan Agreement is referenced in the amended complaint and is central to Plaintiffs' claims, the court can consider the Loan Agreement in ruling on the motion to dismiss. *See* Federal Rule of Civil Procedure 10(c)(stating that exhibits attached to pleadings are deemed to be part of the pleadings); *Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 (7th Cir. 1997)(stating that "[d]ocuments referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss").

Plaintiffs allege in the amended complaint that they seek a rescission of the Loan under 15 U.S.C. § 1635(a). (A Compl. Par. 5). Pursuant to 15 U.S.C. § 1635(a), "in the case of any consumer credit transaction," a borrower has a limited

3

right to rescind and disclosures must be made to a borrower regarding the right to rescind. *Id.* In TILA, the term "consumer", when "used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h); *see also* 15 U.S.C. § 1603(1)(stating that TILA exempts "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations"); *F.D.I.C. v. Avery*, 1996 WL 12587, at *3 (9th Cir. 1996)(explaining that "[l]oans made for business or commercial purposes are exempted from the provisions of TILA").

The issue of whether a loan was obtained for personal or business purposes can in certain instances be a factual issue. *See Shames-Yeakel v. Citizens Financial Bank*, 677 F.Supp.2d 994, 1002 (N.D. Ill. 2009)(stating that the court should look to the substance of the transactions and the surrounding circumstances). However, in the instant action there are no facts in the record at this stage of the proceedings that would indicate any factual dispute as to the purpose for the Loan obtained by Plaintiffs. Plaintiffs acknowledge in response to the instant motion that "TILA applies only for individuals not corporations or business[es]. . . ." (Ans. Dis. 4).

Although Plaintiffs allege in the Amended Complaint that they are individuals that personally acted as the borrowers in regard to the Loan, the Loan Agreement, which is Plaintiffs' own agreed exhibit, indicates otherwise. The Loan Agreement expressly provides that the agreement is between Leaders and Farooqi Farm, LLC, which is not a plaintiff in this case. (Loan Agr. 1). Plaintiffs are not listed as borrowers on the Loan Agreement. (Loan Agr. 1). Plaintiffs also admit that the Loan was obtained to cover the mortgages on eight properties and that "seven of the eight properties were not primarily for personal use" and that the Loan regarding the seven properties "was for business use." (Ans. Dis. 4). Plaintiffs argue that the one property that the Loan covered that was being used for personal purposes was a property located on Hawthorne Avenue in Lake Forest, Illinois (Hawthorne Property). (Ans. Dis. 5). However, the Loan Agreement specifically identified the eight properties that were the subject of the Loan and the Hawthorne Property is not one of the eight properties listed. (Loan Agr. 19-24). In addition, although Plaintiffs allege that they pledged their Residence as collateral for the guarantee on the Loan, the fact that the Loan was secured by a property used for personal purposes does not mean that the Loan was obtained for personal purposes.

Plaintiffs also argue in their response to the instant motion that "[t]he factual issue for trial, and which prohibits dismissal under Rule 12(b)(6), is whether one of

5

those loans on one of the eights [sic] properties was for primarily personal, family, or household purposes." (Ans. Dis. 4). As Leaders correctly points out, however, Plaintiffs are not bringing an action seeking the recision of the prior loans referenced by Plaintiffs. Plaintiffs clearly indicate in their amended complaint that they are seeking a recision of the Loan, which was extended on November 5, 2009, for $3,832,927.06. Thus, the prior loans referenced by Plaintiffs in their response are not relevant in this action.

The pleadings reflect in this case that the Loan was extended to a company, not to Plaintiffs personally, for properties that were used primarily for business purposes and that the Loan would not be covered under TILA. Plaintiffs have failed to allege any facts that would plausibly suggest that TILA is applicable to the Loan. Therefore, the motion to dismiss the TILA claim is granted.

The court also notes that even if Plaintiffs had alleged facts to suggest that TILA is applicable in this case, Plaintiffs have failed to allege facts suggesting an ability to pay the amount owed to effectuate a rescission and therefore the TILA claim would have been dismissed without prejudice. *See Tulumbuta v. Wilmington Finance, Inc.*, 2010 WL 1791271, at *2 (N.D. Ill. 2010)(stating that a rescission under Section 1635 "requires that the debtor tender to the creditor any property that it received by virtue of the rescinded transaction" and that "[a]lthough the debtor need

not tender to the creditor any property until after the creditor has performed its obligation, the debtor, as plaintiff, must allege that he is willing and able to tender such property"); *Abarquez v. Onewest Bank, FSB*, 2011 WL 1459458, at *4 (W.D. Wash. 2011)(dismissing TILA claims since "Plaintiffs ha[d] nowhere alleged the ability to tender the money they received under the loan agreement").

## II. Remaining Replevin Claim

Having resolved the federal claim in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law replevin claim in which Plaintiffs seek the return of the $80,0000. Plaintiffs indicate that the court has supplemental jurisdiction over the replevin claim. (A Compl. Par. 10). Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that,

In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law replevin claim. Such claim is therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Leaders' motion to dismiss the TILA claim is granted and the remaining state law replevin claim is dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 7, 2011